## DAVIS *a.* BATES.

*Supreme Court ; Otsego Special Term, December,* 1857.

ACTION FOR BREACH OF PROMISE OF MARRIAGE.—FORM OF
SUMMONS.—MOTION.

An action for breach of promise of marriage is not an action arising on contract
for the recovery of money only within the meaning of subdivision 1 of section
129 of the Code.

A summons in the form prescribed by subdivision 2 of section 129 is the proper
summons in an action for breach of promise of marriage.

Where the relief demanded by the complaint varies from that which the summons
requires, a motion to set aside the complaint for irregularity is the proper
remedy.

Motion to set aside complaint.

The action was for damages for breach of promise of marriage.
The defendant moved to set aside the complaint on the ground
that the cause of action stated in the complaint did not agree
with the cause of action indicated by the notice in the summons.
The notice in the summons was, that if the defendant failed to
answer the complaint as required by the summons, the plaintiff
would take judgment against him for $3,000, with interest from
the date thereof, besides costs.

The cause of action set out in the complaint was one for the
breach of a marriage contract, and concluded with a demand of
judgment against the defendant " for the sum of three thousand
dollars, besides costs."

*James S. Davenport,* for the motion.

*S. S. Morgan,* opposed.

BALCOM, J.—If this is an action arising on contract for the
recovery of money only, within the meaning of subdivision 1 of
section 129 of the Code, then the plaintiff would be entitled to
judgment for $3,000 damages upon proof of the failure of the de-
fendant to answer the complaint in twenty days after the service
of the summons (*Code,* § 246). And on the supposition that it is

such an action, the defendant could not prevent a judgment being taken against him for the full sum of $3,000, besides costs,—although the plaintiff may not have sustained damages amounting to a tenth part of that sum,—unless he can truthfully deny the making of the alleged contract of marriage, or the alleged breach of it. This is so because an answer that should only contain a denial that the plaintiff had sustained or was entitled to $3,000 damages, or one consisting merely of matters in mitigation of the damages claimed, would be frivolous. (Gilbert *v.* Ronnels, 14 *How. Pr. R.*, 46.) This is one reason which inclines me to hold that this action is not one " for the recovery of money only," within the meaning of subdivision 1 of section 129 of the Code; but one for the recovery of *damages* which can be measured only in dollars and cents. And I am entirely satisfied that it is not such an action as the Legislature intended to designate in subdivision 1 of the section above mentioned, by the reasoning contained in the opinions in the following cases. Tuttle *v.* Smith (14 *How. Pr. R.*, 395); Johnson *v.* Paul (14 *Ib.*, 454); McNeff *v.* Short (14 *Ib.*, 463); Dunn *v.* Bloomingdale (14 *Ib.*, 474). The cases of Williams *v.* Miller (4 *Ib.*, 94), and Trapp *v.* The New York & Erie Rail Road Company (6 *Ib.*, 237), cannot be followed; and I shall regard them as overruled by the authorities above cited.

The summons should have contained the notice prescribed by subdivision 2 of section 129 of the Code, " that if the defendant shall fail to answer the complaint within twenty days after service of the summons, the plaintiff will apply to the court for the relief demanded in the complaint."

The motion to set aside the complaint instead of the summons, is proper; and the complaint must be set aside, with $10 costs of the motion, unless the plaintiff shall, within twenty days, amend the summons so that it will conform to subdivision 2 of section 129 of the Code, and pay $10, costs of the motion; and if she shall do this the complaint may stand, and the defendant shall have twenty days thereafter in which to answer it. (See Ridder *v.* Whitlock, 12 *How. Pr. R.*, 208.)

Motion granted.